IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JEANETTE F.,[1] § § Plaintiff, § § v. § § KILOLO KIJAKAZI, § Acting Commissioner of Social Security, § § Defendant. § | Civil Action No. 1:20-CV-00126-H-BU |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jeanette F. filed this action seeking judicial review of an unfavorable decision of the Commissioner of Social Security regarding her disability insurance benefits and supplemental security income payments under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1382(a)(3)(A). *See* Dkt. Nos. 1, 27. Under Special Order No. 3-251 of this Court, this case was automatically referred for the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendation of dispositive matters.

After the Commissioner filed an Unopposed Motion to Reverse and Remand, Dkt. No. 27, the undersigned entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge recommending that the ALJ's decision be reversed and remanded for further administrative action under the fourth sentence of 42 U.S.C. § 405(g).

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial

Dkt. No. 28. The Honorable United States District Judge James Wesley Hendrix accepted the FCR, granted the Commissioner's motion, and remanded the case to the Commissioner for further proceedings. Dkt. No.29.

Now before the Court is Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act. Dkt. No. 30. Here, the parties agree that Plaintiff is the prevailing party under the EAJA and that the Commissioner's position was not "substantially justified." *See id.* at 1. The undersigned has also independently determined that both the hourly rate and number of hours sought by Plaintiff is reasonable. Thus, having considered the motion, the undersigned is of the opinion that it should be GRANTED. Accordingly, the undersigned RECOMMENDS that Plaintiff be awarded $6,923.44 in attorneys' fee, representing 37 hours at the hourly rate of $187.12.

## RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996).

IT IS SO ORDERED this 9th day of November, 2021.

.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE